TUCKER ELLIS LLP
NDUBISI A. EZEOLU SBN 256834
ndubisi.ezeolu@tuckerellis.com
AGGIE B. LEE SBN 228332
aggie.lee@tuckerellis.com
KAITLYN N. PANGBURN SBN 336346
kaitlyn.pangburn@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:   213.430.3400
Facsimile:   213.430.3409

Attorneys for Defendant and Third-Party Plaintiff,
WATTS REGULATOR CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WATTS REGULATOR CO.; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:25-cv-00013-AH (RAOx)<br><br>Assigned to the Hon. Anne Hwang<br><br>**THIRD-PARTY COMPLAINT OF DEFENDANT WATTS REGULATOR CO. FOR:**<br><br>　**1. EQUITABLE INDEMNITY**<br>　**2. CONTRIBUTION**<br>　**3. DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>State Action Filed: November 20, 2024<br>Trial Date:　　　July 28, 2026 |
| WATTS REGULATOR CO.,<br><br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>ZURN INDUSTRIES, LLC.; NAVIEN, INC.; and ROES 1-10, inclusive,<br><br>　　　　Third-Party Defendants. | |

THIRD-PARTY COMPLAINT OF DEFENDANT WATTS REGULATOR CO.

Defendant and Third-Party Plaintiff Watts Regulator Co. ("Watts" or "Third-Party Plaintiff") brings this third-party complaint against Third-Party Defendants Zurn Industries, LLC ("Zurn") and Navien, Inc. ("Navien") (collectively, "Third-Party Defendants") pursuant to Federal Rules of Civil Procedure, Rule 14 and alleges as follows:

**PARTIES**

1. Third-Party Plaintiff Watts is incorporated in Massachusetts and has its principal place of business in North Andover, Massachusetts.

2. Plaintiff State Farm General Insurance Company ("State Farm") is an Illinois corporation with its principal place of business in Illinois. Watts has been sued in this action by State Farm. In its Subrogation Complaint, State Farm alleges that it has sustained damages from a water supply line ("Supply Line") that was manufactured, designed, and/or supplied by Watts.

3. Third-Party Defendant Zurn Industries, LLC ("Zurn") is a Delaware limited liability company with its principal place of business in Milwaukee, Wisconsin. On information and belief, Zurn is qualified to do business and doing business in the State of California at all times relevant to the issues herein.

4. Third-Party Defendant Navien, Inc. ("Navien") is a California Corporation with its principal place of business in Irvine, California. On information and belief, Navien is qualified to do business and doing business in the State of California at all times relevant to the issues herein.

5. Third-Party Defendants Zurn and Navien are product manufacturers, distributors and/or suppliers that placed products in the stream of commerce who, through their own forces or through the acts of others under their responsibility or control, caused or were responsible for the damage as alleged in State Farm's Complaint, in whole or in part.

6. The true names, involvement, or capacities of Third-Party Defendants ROES 1-10 are currently unknown to Watts, who therefore sues these Third-Party Defendants by these fictitious names. Watts will seek leave to amend the Third-Party Complaint to

show these Defendants' true name, involvement, or capacity are known. Watts is informed and believes that each of these fictitiously named Third-Party Defendants is responsible in some manner for the events referred to herein.

## JURISDICTION AND VENUE

7. The Court has ancillary jurisdiction over the claims set forth herein because, *inter alia*, Watts' claims for contribution and indemnity for Third-Party Defendants' involvement in the incident alleged in State Farm's Complaint and the basis for its alleged damages in this case, arise from the same subject matter and/or the same transaction or occurrence as the claims at issue in this case between State Farm and Watts.

8. For judicial efficacy and to prevent multiple lawsuits, a determination of the comparative fault, if any, of Watts and Third-Party Defendants, and each of them, should be made at trial in this action.

## GENERAL ALLEGATIONS

9. On or about November 20, 2024, State Farm filed a Complaint in the Superior Court of the State of California, in and for the County of Los Angeles, naming as a Defendant Watts Water Technologies, Inc.[1] and DOES 1 through 10, inclusive.

10. On January 2, 2025, Watts Water Technologies, Inc. removed the case to this Court.

11. In its Complaint, State Farm alleges (and Watts denies) that on or about November 27, 2021, State Farm's insured, Vigen Aladadyan, suffered water damage at his property ("Incident"). State Farm alleged that a water supply line ("Supply Line") failed and caused water damage at the property located at 1539 Irving Avenue, Glendale CA 91201 ("Property").

---

[1] Plaintiff and Watts Water Technologies, Inc. filed a stipulation to dismiss Watts Water Technologies and substitute in Watts Regulator Co.

3
THIRD-PARTY COMPLAINT OF DEFENDANT WATTS REGULATOR CO.

12. State Farm alleges that the Supply Line was manufactured by Watts and that it sustained damages in excess of $1,000,000 as a result of Watts' acts or omissions. See Compl. at ¶¶ 6-8.

13. Watts, while at all times denying the allegations in State Farm's Complaint directed towards it, incorporates the Complaint fully herein for background purposes only and makes no admissions with respect to them.

14. Excessive water pressure can cause or contribute to the Supply Line failing in the manner alleged by State Farm.

15. Under the California Plumbing Code, water pressure in a plumbing system is not to exceed 80 psi.

16. On information and belief, at the time of the Incident, Aladadyan had a pressure reducing valve installed at his home ("PRV").

17. A pressure reducing valve is designed to prevent excessive water pressure from entering a home or building.

18. Third-Party Defendant Zurn designed, manufactured, sold and/or supplied the PRV.

19. After the Incident, on or about November 27, 2021, MD Rooter Plumbing Company replaced the Supply Line and the PRV for the Property.

20. On information and belief, the PRV was replaced because it was not properly reducing the pressure entering Aladadyan's residence at the time of the Incident.

21. On information and belief, at the time of the Incident, Aladadyan had a water heater installed at his home, which was designed, manufactured and sold by Navien ("Water Heater").

22. After the Incident, on or about August 9, 2024, Plaintiff's expert examined the Property and measured the pressure of the water that the Water Heater was supplying to the Property. The water pressure of the water from the Water Heater into the Property measured 130 psi, which is an excessive amount of pressure.

23. On information and belief, the Water Heater caused excessive water pressure to enter Aladadyan's residence at the time of the Incident.

24. At the time of the Incident, the PRV and the Water Heater caused excessive water pressure to enter Aladadyan's residence, which caused, in whole or in part, the failure of the Supply Line and the resulting water damages.

25. The Third-Party Defendants, and each of them, therefore caused or contributed to some or all of the damages identified in State Farm's Complaint. As a result, these Third-Party Defendants have an obligation to defend, indemnify or hold Watts harmless for some or all of the damages Watts suffers, if any, by reason of State Farm's Complaint.

## FIRST CAUSE OF ACTION

## EQUITABLE INDEMNITY AGAINST ALL THIRD-PARTY DEFENDANTS

26. Paragraphs 1 through 25 are restated and incorporated fully herein.

27. For the reasons set forth in the preceding paragraphs, Watts is informed and believes that it is now faced with a potential loss that it should not be faced with by virtue of the conduct of Third-Party Defendants, and each of them.

28. If Watts is found liable for any damages alleged in State Farm's Complaint, then the Third-Party Defendants, and each of them, have an equitable duty to indemnify Watts because Watts' alleged conduct was passive and secondary, in contrast to the conduct of the Third-Party Defendants, which was active, primary, and foreseeable.

29. Watts herein is accordingly entitled to equitable indemnification, including attorneys' fees and costs, from Third-Party Defendants, for any sums paid by said Watts by way of settlement or judgment herein.

## SECOND CAUSE OF ACTION

## CONTRIBUTION AGAINST ALL THIRD-PARTY DEFENDANTS

30. Paragraphs 1 through 29 are restated and incorporated fully herein.

31. For the reasons set forth in the preceding paragraphs, which are fully incorporated herein, Watts is informed and believes that it is now faced with a potential

loss that it should not be faced with by virtue of the conduct of Third-Party Defendants, and each of them.

32. If by reason of the negligence of the Third-Party Defendants, and each of them, any damages, judgment, settlement or other award occurs whereby Watts is required to make payment to State Farm, Watts is entitled to contribution from Third-Party Defendants in an amount proportionate to the comparative fault that is attributable to the negligence of Third-Party Defendants, and each of them.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF AGAINST ALL THIRD-PARTY DEFENDANTS

33. Paragraphs 1 through 32 are restated and incorporated fully herein.

34. There presently exists a controversy between Watts and Third-Party Defendants regarding the rights, duties and liabilities of Third-Party Defendants with respect to the allegations contained in State Farm's Complaint herein.

35. Watts requests a declaration by this Court to determine the rights and obligations existing between Watts and the Third-Party Defendants with respect to the damages claimed in State Farm's complaint. In particular, Watts requests a declaration of the comparative fault of Watts and the Third-Party Defendants for these damages, and also a declaration of the Third-Party Defendants' responsibility for equitable indemnity as to Watts for any sums that Watts may be compelled to pay that Third-Party Defendants are determined responsible, in part or in whole.

36. Watts requests that this declaration be made in the present action so as to avoid unnecessary waste of judicial resources and multiplicity of suit.

## PRAYER

Third-Party Plaintiff Watts Regulator Co. prays for judgment as follows:

1. For a judicial declaration of comparative fault of Watts and Third-Party Defendants for the damages claimed by State Farm;

2. For a judicial declaration of the amount that Third-Party Defendants are obligated to indemnify Watts, including attorneys' fees and costs, if Watts is compelled

to pay any sum as a result of any damages or judgment recovered by State Farm against Watts;

    3.    For a declaration of rights of Watts to total and/or partial indemnification from the Third-Party Defendants;

    4.    For declaratory judgment that Third-Party Defendants are required to defend, indemnify and hold harmless Watts against claims involving the Property;

    5.    For costs of suit incurred herein under the law;

    6.    For such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Defendant Watts Regulator Co. hereby demands trial by jury in this action.

DATED: July 1, 2025          TUCKER ELLIS LLP

By: _____
Ndubisi A. Ezeolu
Aggie B. Lee
Kaitlyn N. Pangburn
Attorneys for Defendant and Third Party Plaintiff,
WATTS REGULATOR CO.

## CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5-3.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071.

On July 2, 2025, I served the foregoing document(s) described as **THIRD-PARTY COMPLAINT OF DEFENDANT WATTS REGULATOR CO. FOR: 1. EQUITABLE INDEMNITY; 2. CONTRIBUTION; 3. DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** on the interested party(ies) in this action as follows:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 2, 2025, at Los Angeles, California.

_Jennifer Polzin_
Jennifer Polzin